IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | |
|---|---|
| JOHN THOMAS WELSH, | ) CIVIL NO. 12-00609 LEK-KSC |
| | ) |
|        Plaintiffs, | ) FINDINGS AND |
| | ) RECOMMENDATION TO REMAND |
|    vs. | ) ACTION TO STATE COURT |
| | ) |
| WILCOX MEMORIAL HOSPITAL; | ) |
| ERIC J. SCHUMACHER; | ) |
| (UNIDENTIFIED) MATRON, | ) |
| | ) |
|       Defendants. | ) |
| _____ | ) |

FINDINGS AND RECOMMENDATION TO
REMAND ACTION TO STATE COURT

On November 13, 2012, Plaintiff John Thomas Welsh ("Plaintiff") filed a Notice of Removal.  That same day, he also filed an Application to Proceed In Forma Pauperis.  On November 14, 2012, Plaintiff filed an Amended Notice of Removal.

DISCUSSION

Plaintiff argues that subject matter jurisdiction exists under the Fifth and Fourteenth Amendments to the U.S. Constitution.

Section 1441 of Title 28 of the U.S. Code provides, in pertinent part:

> (a) Generally.--Except as otherwise
> expressly provided by Act of Congress, any
> civil action brought in a State court of
> which the district courts of the United
> States have original jurisdiction, **may be
> removed by the defendant or the
> defendants**, to the district court of the
> United States for the district and
> division embracing the place where such
> action is pending.

28 U.S.C. § 1441 (a) (emphasis added).  Section 1441 is strictly construed against removal and courts resolve any doubts about the propriety of removal in favor of remanding the case to state court.  See Durham v. Lockheed Martin Corp., 445 F.3d 1247, 1252 (9th Cir. 2006).  The party seeking to remove the case bears the burden of establishing the existence of federal jurisdiction.  See California ex rel. Lockyer v. Dynegy, Inc., 375 F.3d 831, 838 (9th Cir. 2004), cert. denied, 544 U.S. 974 (2005).

The plain language of § 1441(a) precludes the removal of this action and the Court need not even reach the issue of whether jurisdiction otherwise exists.  The right of removal is limited to defendants. American Int'l Underwriters, (Philippines), Inc. v.

2

Continental Ins. Co., 843 F.2d 1253, 1260 (9th Cir.
1988).  The Ninth Circuit has held that "[a] plaintiff
who commences his action in a state court cannot
effectuate removal to a federal court even if he could
have originated the action in a federal court and even
if a counterclaim is thereafter filed that states a
claim cognizable in a federal court." Id. (quoting
Oregon Egg Producers v. Andrew, 458 F.2d 382 (9th Cir.
1972) (per curiam)).  Here, Plaintiff, not Defendants,
removed the action to this Court.  Because § 1441(a)
does not authorize Plaintiff to remove the action he
initiated in state court, this Court lacks jurisdiction
and the action must be remanded to state court.  28
U.S.C. § 1447(c).

<u>CONCLUSION</u>

        In accordance with the foregoing, the Court
HEREBY FINDS and RECOMMENDS that the district court
REMAND this action to the Circuit Court of the Fifth
Circuit, State of Hawaii.

IT IS SO FOUND AND RECOMMENDED.

DATED:   Honolulu, Hawaii, November 15, 2012.



_____
Kevin S.C. Chang
United States Magistrate Judge

WELSH V. WILCOX MEMORIAL HOSPITAL, ET AL., CV 12-00609 LEK-KSC;
FINDINGS AND RECOMMENDATION TO REMAND ACTION TO STATE COURT