IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | | |
|---|---|---|
| JOHN THOMAS WELSH, | ) | CIVIL NO. 12-00609 LEK-KSC |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | |
| | ) | |
| WILCOX MEMORIAL HOSPITAL; | ) | |
| ERIC J. SCHUMACHER; | ) | |
| (UNIDENTIFIED) MATRON, | ) | |
| | ) | |
| Defendants. | ) | |
| _____ | ) | |

**ORDER DENYING PLAINTIFF'S OBJECTIONS TO MAGISTRATE JUDGE'S FINDINGS AND RECOMMENDATION TO REMAND ACTION TO STATE COURT AND ADOPTING THE MAGISTRATE JUDGE'S FINDINGS AND RECOMMENDATION**

On November 15, 2012, the magistrate judge issued his Findings and Recommendation to Remand Action to State Court ("F&R"). Pro se Plaintiff John Thomas Welsh filed his objections to the F&R on November 26, 2012 ("Objections"). The Court finds this matter suitable for disposition without a hearing pursuant to Rule LR7.2(d) of the Local Rules of Practice of the United States District Court for the District of Hawai`i ("Local Rules"). After careful consideration of the F&R, Objections, and the relevant legal authority, Plaintiff's Objections are HEREBY DENIED, and the magistrate judge's F&R is HEREBY ADOPTED for the reasons set forth below.

**BACKGROUND**

Plaintiff filed his Complaint in the Circuit Court of

the Fifth Circuit, State of Hawai`i, on October 8, 2012. Plaintiff filed a Notice of Removal on November 13, 2012, apparently arguing that the defendants' motion to dismiss violated his right to due process under the United States Constitution.  Plaintiff also filed an Amended Notice of Removal on November 14, 2012.

In the F&R, the magistrate judge concluded that the plain language of 28 U.S.C. § 1441(a) precluded the removal of the instant case because the right of removal is limited to defendants.  [F&R at 2-3 (citing American Int'l Underwriters, (Philippines), Inc. v. Continental Ins. Co., 843 F.2d 1253, 1260 (9th Cir. 1988)).]  The magistrate judge therefore recommended that this Court remand the instant case to the state court based on the lack of jurisdiction.  [Id. at 3.]

In his Objections, Plaintiff raises a number of rhetorical questions, but essentially argues that, remanding this action to the state court would violate his right to due process pursuant to the Fifth and Fourteenth Amendments of the United States Constitution and pursuant to United States Supreme Court case law.

## DISCUSSION

Any party may file objections to a magistrate judge's findings and recommendation regarding a case dispositive matter. 28 U.S.C. § 636(b)(1); Fed R. Civ. P. 72(b); Local Rule LR74.2.

2

> A judge of the court shall make a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made.  A judge of the court may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge. . . .

§ 636(b)(1).  Pursuant to Local Rule 74.2, the objecting party must "specifically identify the portions of the order, findings, or recommendations to which objection is made and the basis for such objections."

Although pro se litigants are held to less stringent standards than those of their legal counterparts, see Haines v. Kerner, 404 U.S. 519, 520 (1972) (per curiam); Jackson v. Carey, 353 F.3d 750, 757 (9th Cir. 2003), a litigant's pro se status cannot excuse him from complying with the procedural or substantive rules of the court.  See King v. Atiyeh, 814 F.2d 565, 567 (9th Cir. 1987) ("Pro se litigants must follow the same rules of procedure that govern other litigants." (citations omitted)), rev'd on other grounds, Lacey v. Maricopa Cnty., 693 F.3d 896 (9th Cir. 2012).  Plaintiff has failed to comply with the requirement in Local Rule 74.2 that he specifically identify the portions of the F&R that he objects to, nor has Plaintiff specifically identified the basis for his objections.  In particular, Plaintiff has failed to identify any legal authority contrary to the magistrate judge's conclusion that this district court lacks jurisdiction over the instant case because only a


defendant may remove an action to federal court.

Further, upon an independent review of the applicable law, this Court agrees with the magistrate judge's reasoning in the F&R and HEREBY ADOPTS the F&R as the order of this Court.

## **CONCLUSION**

On the basis of the foregoing, Plaintiff's Objections to Magistrate Judge's Findings and Recommendation to Remand Action to State Court, filed November 26, 2012, are HEREBY DENIED, and this Court HEREBY ADOPTS the magistrate judge's Findings and Recommendation to Remand Action to State Court, filed November 15, 2012.

This Court ORDERS the Clerk's Office to remand the case to the State of Hawai`i Circuit Court of the Fifth Circuit.

IT IS SO ORDERED.

DATED AT HONOLULU, HAWAII, December 4, 2012.



   /S/ Leslie E. Kobayashi
Leslie E. Kobayashi
United States District Judge

**JOHN THOMAS WELSH V. WILCOX MEMORIAL HOSPITAL, ET AL; CIVIL NO. 12-00609 LEK-KSC; ORDER DENYING PLAINTIFF'S OBJECTIONS TO MAGISTRATE JUDGE'S FINDINGS AND RECOMMENDATION TO REMAND ACTION TO STATE COURT AND ADOPTING THE MAGISTRATE JUDGE'S FINDINGS AND RECOMMENDATION**